Case No.  CV 19-4345-CJC (KS)                                    Date: June 3, 2019

Title   *Marco Munoz v. California Department of Corrections et al*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson   |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On May 20, 2019, Plaintiff, a federal prisoner incarcerated at FCI-Terminal Island and proceeding *pro se*, filed a civil rights complaint (the "Complaint"). (Dkt. No. 1.) The Complaint alleges that two correctional officers watched a third correctional officer assault Plaintiff with pepper spray and failed to intervene. (*Id.*) These same allegations are the subject of a related lawsuit, *Marco Munoz v. California Department of Corrections et al*, No. CV 18-10264-CJC (KS), in which the Court is awaiting Plaintiff's Third Amended Complaint. (Dkt. No. 16.) However, Plaintiff did not title the Complaint as a Third Amended Complaint nor did he assign it a case number, and. therefore, although the Complaint is duplicative of Plaintiff's pleadings in Case No. CV 18-10264-CJC (KS), the Complaint was filed as a new complaint initiating a new action. Having initiated a lawsuit that is duplicative of an already pending case, the Complaint is subject to dismissal as malicious pursuant to 28 U.S.C. § 1915. *Adams v. California Department of Health Services*, 487 F.3d 684, 688, 692 (9th Cir. 2010) (recognizing that district courts have discretion to dismiss a duplicative later-filed action, and, further, that dismissal promotes judicial economy more so than issuance of a stay or enjoinment of the proceedings), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008)); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915 [ ] . . . a complaint 'that merely repeats pending or previously litigated claims.'").

Also on May 20, 2019, the Court notified Plaintiff that he had failed to pay the filing fee and had not filed a request to proceed *in forma pauperis*. (Dkt. No. 2.) Two weeks have now passed, and Plaintiff has not responded to the Court's notification. Accordingly, because Plaintiff has neither paid the filing fee nor obtained authorization to proceed without prepayment of the fee, **IT IS HEREBY ORDERED that Plaintiff shall show cause, no later than June 24, 2019, why the action should not be dismissed.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV 19-4345-CJC (KS)                                        Date: June 3, 2019

Title   *Marco Munoz v. California Department of Corrections et al*

    To that end, the Clerk is directed to send Plaintiff a copy of the Central District's civil rights complaint form (CV-66) and a copy of the Central District's form Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-60P). **To discharge this Order and proceed with his case, Plaintiff must, on or before the June 24, 2019 deadline, either:**

> **(1) pay the $400 filing fee in full and file a response to this order establishing that this action is not duplicative of Case No. CV 18-10264-CJC (KS); OR**
> **(2) file the completed forms, with the necessary documentation, and file a response to this order establishing that this action is not duplicative of Case No. CV 18-10264-CJC (KS).**

    Alternatively, if Plaintiff does not wish to proceed with this case, he shall file a signed document entitled Notice of Voluntary Dismissal, dismissing this action pursuant to Fed. R. Civ. P. 41(a) no later than the June 24, 2019 deadline.

    **Plaintiff's failure to timely comply with this Order will result in a recommendation of dismissal of his case.**

    **IT IS SO ORDERED**.

:

**Initials of Preparer**  gr